Grimke, J.
This is a writ of error to the court of common pleas of the county of Adams, and the error complained of appears from a hill of exceptions which was taken to the opinion of the court. The action is trover, brought by the proprietor of land, against a contractor on the Zanesville and Maysville turnpike) to recover the value of timber. In the court of common pleas the cause was submitted to the court; and the evidence showed that the defendant had caused a large quantity of timber growing on that part of the land of the plaintiff through which the road was constructed, to be felled and cut into cord-wood, and that ho had afterward sold it. Was he justified in so doing, is the single question for consideration. By section 11 of the charter of the *397 company, it is made the duty of the company to open the road not exceeding one hundred feet in width ; that is, they are to cut down and remove the timber growing within that space; they are to free the whole line of the road from every obstruction of that kind. It will, I presume, be admitted that under this power the company, or the contractor acting under them, would be authorized to destroy the timber after it was cut down. He might burn it upon the ground. But the right to destroy it seems necessarily to imply an authority to make any disposition of it which should be equivalent to destruction. I do not see any difference between burning the wood on the ground and parting with it to a third person who should burn it. And I suppose there never would have been any complaint, if the defendant had merely, through the intervention of third persons as his agents, caused the wood to be burned, instead of selling it to them for that purpose; and yet the thing required to be done, and no more, is performed, which ever mode is pursued. The plaintiff is dissatisfied that the ^defendant. [897 should have derived any pecuniary advantage from the course which he adopted in order to free the line of the road from the incumbrance of the timber. But this can only be on the ground that he is himself entitled to that advantage. And yet how can this be, when upon the land being condemned for the purposes of the road, an assessment of all damages accruing to the proprietor is made in his favor. According to his construction he would be twice paid for the timber, first by the commissioners, and secondly by the consideration which he should receive for the wood.
But there is another difficulty in the way. If the contractor permitted the timber to remain on the ground occupied by the road, until it suited the convenience of the former owner to remove it, he would fail entirely to execute the duty imposed upon him by the charter, and if, on the other hand, he removed it upon the uncondemned land of the plaintiff, ho would be guilty of a violation of his rights, and might be sued in an action of trespass! so that in whatever light we can view the question the conclusion is the same, that this action can not be maintained.
Judgment for the defendant.